# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD IGUARTA, | Case No. 2:16-cv-00849-JAD-CWH |
| Plaintiff, | |
| v. | |
| MID-CENTURY INSURANCE COMPANY, | **ORDER** |
| Defendant. | |

Presently before the Court is Plaintiff Richard Iguarta's motion to reconsider (ECF No. 44), filed on January 12, 2017. Defendant Mid-Century Insurance Company filed a response (ECF No. 49) on January 26, 2017. Plaintiff filed a reply (ECF No. 52) on February 2, 2017.

Plaintiff requests that the Court reconsider its order (ECF No. 33) granting in part and denying in part Plaintiff's motion to extend discovery (ECF No. 19) and Defendant's motion in limine (ECF No. 23). Plaintiff argues that at the hearing held on December 13, 2016, Defendant misrepresented certain facts of the case, and that the Court's order was based on those misrepresentations. Defendant acknowledges that it misstated certain facts, but disagrees as to the scope and impact of those statements.

**I.   Introduction**

At the hearing held on the parties' motions December 13, 2016, the Court heard argument regarding whether Plaintiff's treating physicians (Dr. Shah, Dr. Kaplan, Dr. Dunn, Dr. Grover, Dr. Prater, and Dr. Rosler) would be allowed to present evidence at trial of causation of Plaintiff's injuries, the need for future care, or the reasonableness and necessity of treatment rendered. Plaintiff did not timely disclose these physicians as non-retained experts pursuant to Fed. R. Civ. P. 26(a)(2)(C), so Defendant argued that they should not be allowed to present any expert testimony, only opinions formed during treatment. Defendant represented that Plaintiff did not disclose any opinions formed by the treating physicians regarding causation, the need for future medical care, or

the reasonableness and necessity of treatment rendered, and so any statements from the doctors on such topics would constitute expert testimony. Plaintiff did not contradict this assertion at the hearing. Defendant also represented that it would be prejudiced if the Court were to reopen discovery or to allow the physicians to testify as experts.

After hearing arguments from the parties, the Court granted Defendant's motion in limine in part, holding that Plaintiff's failure to comply with Rule 26 disclosure requirements was not substantially justified or harmless, and was prejudicial to Defendant. The Court ordered that the treating physicians would be limited to providing percipient evidence of their treatment, not to include testimony regarding causation, future treatment, or reasonableness of treatment. The Court also denied, in part, Plaintiff's motion to reopen discovery, finding that Plaintiff had not shown diligence in conducting discovery. Plaintiff was, however, given leave to conduct depositions of Defendant's expert witnesses. Plaintiff now moves the Court to reconsider its order on both motions, based on evidence of the misrepresentations made by Defendant.

## II.     Analysis

While motions for reconsideration are disfavored, a motion for reconsideration may be granted if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. The party seeking reconsideration is required to state with particularity the points of law or fact that the court has overlooked or misunderstood. Local Rule 59-1(a). Plaintiff's motion is based on his claim that Defendant misrepresented the prejudice it would suffer were the Court to reopen discovery, and the scope of the opinions provided by the treating physicians, leading the Court to misunderstand the true facts of the case.

### A.     Misrepresentation of prejudice

First, the Court will address Plaintiff's assertion that Defendant misrepresented the prejudice it would suffer were the Court to reopen discovery, and that this misrepresentation constitutes a misunderstanding of law or fact requiring reconsideration. At the hearing, Defendant claimed that

1  Plaintiff failed to timely disclose a post-surgical computation of future damages, which would have
2  been a "major predicate" for Defendant's decision whether to conduct an independent medical
3  examination (IME).  Plaintiff argues that, regardless of his inaction, Defendant had sufficient reason
4  to conduct an IME for three reasons: (1) it had been informed of future damages in Plaintiff's
5  original demand letter, (2) reports from the treating physicians indicated that they believed Plaintiff
6  would need further care, and (3) its claims-representatives had previously recommended conducting
7  an IME.  Plaintiff concludes that in light of these factors, Defendant's misrepresented itself by
8  claiming that Plaintiff's failure to provide a timely computation of future damages was a factor in
9  their decision not to conduct an IME.  Further, according to Plaintiff, since the failure to disclose a
10 computation of post-surgical damages was not truly a factor in Defendant's decision, Defendant
11 misrepresented itself by claiming prejudice from Plaintiff's actions.

12        The Court acknowledges that the factors articulated by Plaintiff could have entered into
13 Defendant's calculus as to whether to conduct an IME, but will not conclude that Defendant
14 misrepresented itself by claiming any particular factor to be a "major predicate."  The Court therefore
15 finds no misrepresentation of fact as to the prejudice Defendant would suffer were discovery
16 reopened.  Therefore, that aspect of the decision will not be reconsidered.

17        **B.    Misrepresentation of the treating physicians**

18        Next, the Court will consider Defendant's representations as to the opinions provided by
19 Plaintiff's treating physicians.  In its response, Defendant acknowledges that it was mistaken when it
20 argued, at the hearing, that none of the treating physicians offered any opinions as to causation.
21 According to Defendant, three of the treating physicians, Dr. Kaplan, Dr. Grover, and Dr. Dunn, did
22 provide their opinions as to causation.  Defendant is willing to stipulate to these doctors testifying
23 regarding the causation opinions contained within their treatment records.  Defendant does not
24 address Plaintiff's assertion that one physician, Dr. Shah, gave his opinion as to causation.  However,
25 Defendant disagrees that either Dr. Prater or Dr. Rosler provided evidence of causation.  Neither do
26 the parties agree as to whether any of the treating physicians offered their opinions as to future
27 treatment or the reasonableness of treatment rendered.

28

1    Upon review, the substance of this Court's order was that, because of Plaintiff's failure to
2 timely disclose the treating physicians as experts, they would be limited to providing testimony of
3 what they saw and what they did.  Due to Defendant's misrepresentations, the Court did not
4 understand the full scope of the treatment documented by Plaintiff, and suggested that they could not
5 testify as to causation.  It now appears that some of the treating physicians did in fact provide
6 opinions of causation during the course of treatment.  The parties agree that Dr. Kaplan, Dr. Grover,
7 and Dr. Dunn provided their opinions as to causation, so the Court will allow them to testify on that
8 issue.
9    Plaintiff also points to Dr. Shah's Internal Medicine Evaluation (Exh. 5, p. 2 (ECF No.
10 44)), in which Dr. Shah states that, in his opinion, Plaintiff's injuries are the result of the motor vehicle
11 accident that occurred on August 17, 2011.  It thus appears that during the course of his treatment,
12 Dr. Shah formed an opinion on causation.  The Court will allow him to testify as to that opinion.
13    Plaintiff further points to Dr. Prater's report of his initial consultation (Exh. 6, p. 6 (ECF No.
14 44)), which notes that Plaintiff developed symptoms of injury within three days after the August,
15 2011 accident.  Similarly, Dr. Rosler notes that Plaintiff experienced back and neck pain after a
16 motor vehicle accident. (Exh. 9, p. 2 (ECF No. 44)).  However, noting that one thing occurred
17 shortly after another is not an assertion of a causal link, merely a temporal sequence.  Plaintiff does
18 not provide record of any opinions as to causation of the injuries sustained by Plaintiff from either
19 Dr. Prater or Dr. Rosler.  Therefore, they may not testify on this issue.
20    Similarly, the parties dispute whether the physicians provided their opinions on the need for
21 future medical care, or the reasonableness and necessity of treatment rendered.  Plaintiff points to a
22 number of statements in the record indicating that the treating physicians believed, at the time of
23 treatment, that further medical care would be necessary.  The physicians may therefore testify as to
24 these opinions as they were held at the time of treatment.  The Court does not find the treating
25 physicians' opinion on the reasonableness and necessity of treatment rendered in the records cited by
26 either party.  However, the same analysis applies for this issue: the physicians may testify as to their
27 opinions of the reasonableness and necessity of the treatment rendered as they were held at the time
28

4

of treatment.

### III. Conclusion

At the hearing on December 13, 2016, the Court ordered that the treating physicians would be prevented from providing expert testimony. This means that they may testify as to what they saw and what they did. At the hearing, Defendants misrepresented the actual scope of what the physicians saw and did during treatment. Rectifying that error does not require reconsideration of the Court's order, merely clarification of its scope. The Court holds that, consistent with its order at the hearing on December 13, 2016, Plaintiff's treating physicians may testify as to their actions and opinions formed at the time of treatment, as contained in the records disclosed by Plaintiff before the close of discovery.

IT IS THEREFORE ORDERED that Plaintiff's motion to reconsider (ECF No. 44) is DENIED.

DATED: March 2, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

5