**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD IGUARTA,  ) | Case No. 2:16-cv-00849-JAD-CWH |
| )| |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | |
| MID-CENTURY INSURANCE COMPANY,  ) | **ORDER** |
| ) | |
| Defendant.  ) | |
| ) | |
| _____  ) | |

Presently before the Court is Defendant Mid-Century Insurance Company's motion to preclude damages (ECF No. 42), filed on January 4, 2017.  Plaintiff Richard Iguarta filed a response (ECF No. 46) on January 18, 2017, and Defendant filed a reply (ECF No. 48) on January 25, 2017.

Also before the Court is Defendant's motion to strike (ECF No. 50), filed on January 26, 2017.  Plaintiff filed a response (ECF No. 54) on February 9, 2017, and Defendant filed a reply (ECF No. 55) on February 23, 2017.

**I.     Introduction**

At issue in both motions are Plaintiff's supplementary disclosures, made after the close of discovery.  Plaintiff made his initial disclosures in this case on May 23, 2016, including an itemized list of medical treatment received and costs totaling $574,024.60, but did not include a computation for lost wages, lost earning capacity, general damages, punitive damages, or attorney fees.  Resp. at p. 2.  Plaintiff did not supplement these disclosures during the discovery period, despite a number of Defendant's requests for a computation of all damages sought.  On October 24, 2016, five days after the close of discovery, Plaintiff made his first supplemental disclosure, which includes a computation of $572,362.68 for total past medical costs, with future medical costs and general damages to be determined at trial.  Also in his supplemental disclosure, Plaintiff sought to designate his treating physicians as expert witnesses.  Plaintiff then brought a motion to reopen discovery on November 1, 2016.  Defendant objected to the supplemental disclosure, and opposed the motion to

reopen discovery.  On December 13, 2016, the Court held a hearing on these matters.  (ECF No. 33).

At the hearing, the Court found Plaintiff's late supplementary disclosures were not substantially

justified or harmless, and ordered that Plaintiff's treating physicians could not testify as experts, but

only as to their treatment.  The Court also found that Plaintiff had not been diligent in conducting

discovery and denied the motion to reopen discovery.

Subsequently, Plaintiff served a second supplemental disclosure on Defendant on January 12,

2017, which provided new treatment records, a revised computation of $589,825.05 in past medical

costs, and notice of unspecified future medical costs and general damages to be determined at trial.

The second disclosure again designated Plaintiff's treating physicians as expert witnesses.  On

January 12, 2016, Plaintiff filed a motion for reconsideration (ECF No. 44) of the Court's decision at

the December 13, 2016 hearing.  The Court denied the motion on March 7, 2017.  (ECF No. 56).

Defendant now brings the following motions.

**II.     Analysis**

**A.     Defendant's Motion to Preclude Plaintiff's First Supplementary Disclosure**

Defendant argues that Plaintiff failed to timely disclose a computation of each category of

damages he would seek, as required by Fed. R. Civ. P. 26(a)(1)(A)(iii).  Defendant notes that under

Fed. R. Civ. P. 37(c)(1), a party is not allowed to use evidence that it fails to properly disclose unless

the failure was substantially justified or is harmless.  As a preliminary matter, the Court notes that at

the hearing on December 13, 2016, it found that Plaintiff's failure to make proper and timely

disclosures was neither substantially justified nor harmless.  The Court will make its determination

on the instant matter with that finding in mind.

Defendant requests that the Court preclude Plaintiff from offering evidence in support of the

following categories of damages he failed to properly disclose: lost wages, loss of earning capacity,

damages from emotional injuries, general damages, future medical damages, and attorney fees.

Defendant also argues that some of Plaintiff's past medical damages were not properly disclosed,

and seeks to exclude the inadequate disclosures.

### 1. Lost wages and loss of earning capacity

Plaintiff concedes that he did not make any disclosure of damages relating to past or future lost wages or loss of earning capacity, and does not oppose that aspect of Defendant's motion except to reserve the right to submit computations of such damages should the Court allow for the reopening of discovery.  The Court will grant Defendant's motion with respect to lost wages and loss of earning capacity, subject to the possibility of a future Court order reopening discovery.

### 2.  Emotional damages, general damages

Plaintiff also concedes that he did not provide a computation of damages from emotional injuries or general damages, but argues that since these categories of damages are not easily or meaningfully estimated, they need not be computed under Rule 26(a).  In a tort context, general damages refer to compensation for pain, suffering, or loss of previous abilities for which no precise dollar value can be calculated.  *See Vance v. Am. Hawaii Cruises, Inc.*, 789 F.2d 790, 794 (9th Cir. 1986).  Emotional distress damages are merely a subset of general damages, and so are also difficult to estimate.  Plaintiff points out that in his interrogatory responses to Defendant, he made clear that he sought both these categories of damages.  Defendant argues that mere disclosure does not excuse him from his rule 26(a) responsibilities, and cites a number of cases in which Courts have excluded evidence based on inadequate Rule 26(a) disclosures.  *See e.g., Clasberry v. Albertson's LLC*, 2015 WL 9093692 (D. Nev. December 16, 2015).  It is true that courts in this district have frequently found that exclusion was proper for failure to make Rule 26(a) disclosures.  Courts have found exclusion appropriate when plaintiffs fail to disclose computations of easily quantifiable damages, such as past and future medical expenses, or lost wages, and instead attempt to rely only on expert testimony at trial.  *Olaya v. Wal-Mart Stores, Inc.*, No. 2:11-CV-997-KJD-CWH, 2012 WL 3262875, at *2 (D. Nev. Aug. 7, 2012).  (holding that "future expert analysis does not relieve [a plaintiff] of the obligation to provide information reasonably available.").  *See also Calvert v. Ellis*, 2015 WL 631284, at *2 (D. Nev. Feb. 12, 2015).

However, courts have been more lenient when considering a plaintiff's failure to make Rule 26(a) disclosures of less easily quantifiable forms of damages.  *See e.g., Crocker v. Sky View*

3

1  *Christian Acad.*, 2009 WL 77456 (D. Nev. 2009) (finding that because emotional suffering is

2  personal and difficult to quantify, damages for emotional anguish likely will be established

3  predominantly through the Plaintiff's presentations to the jury, rather than through a Rule 26(a)

4  disclosure); *Skach v. AAA N. Cal. Nev. & Utah Ins. Exch.*, 2014 WL 5324096 (D. Nev. 2014)

5  (finding that pain and suffering damages are not susceptible to a precise numerical calculation, and

6  are thus not required to be disclosed with the same precision as with other categories of damages);

7  *Sherwin v. Infinity Auto Ins. Co.,* No. 2:11-cv-00043-JCM-LRL, 2011 U.S. Dist. LEXIS 109319 at

8  *6 (D. Nev. Sep. 23, 2011); *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D.

9  Nev. 2011) (accepting plaintiff's argument that Rule 26(a) does not require a computation of general

10  damages for pain and suffering or emotional distress because such damages are subjective and do not

11  lend themselves to computation).  Here, although Plaintiff did not disclose any computation of

12  general damages and has provided no substantial justification for this failure, he did notify Defendant

13  via interrogatory response of his intention to ask the jury for emotional distress and other general

14  damages at trial.  Defendant was made aware of the general damages claim, but without benefit of a

15  precise computation.  However, by definition, general damages are not susceptible to precise

16  computations.  Given their non-pecuniary nature, and the fact that Plaintiff did disclose extensive

17  medical records and other information sufficient to describe the nature of the alleged injuries,

18  Defendant cannot claim that it was deprived of any useful information regarding general damages.

19  Plaintiff was in fact in no better position to provide an estimate of general damages than was

20  Defendant, since no precise computation of these damages is possible and the only relevant

21  information that would allow an estimate was available to both parties.  Defendant must have

22  contemplated the possibility that it would be found liable for general damages at trial, and this mere

23  consideration likely provided just as much useful information as would a proper Rule 26(a)

24  disclosure from Plaintiff.  Defendant is therefore no worse off for Plaintiff's failure to provide a Rule

25  26(a) computation of general damages.  Although the violation was not substantially justified, the

26  Court finds that it was harmless.

27  **3. Attorney fees**

28

4

1      Plaintiff also concedes that he did not provide a computation of attorney fees, but again

2  argues that he is not required to do so, since attorney fees are awarded by the court after the close of

3  litigation and it is currently impossible to provide a meaningful estimate.  Defendant argues

4  disclosure of attorney fees serves the goals of Rule 26(a), since it would have provided a useful basis

5  for estimation of the value of Plaintiff's claim, and that by failing to respond to requests for

6  disclosure of calculation of attorney fees, Plaintiff waived any objection to their exclusion.

7  Defendant cites, among other authorities, *Skach v. AAA N. Cal. Nev. & Utah Ins. Exch.*, 2014 WL

8  5324096 (D. Nev. 2014) to show that disclosure of computation of attorney's fees would assist the

9  defendant to understand the overall value of the plaintiff's claims.  However, the Court in *Skach*

10  ultimately refused to find that such disclosure was a prerequisite for an award of attorney fees.

11  Defendant does not cite any binding authority to show that failure to disclose a computation of

12  estimated attorney's fees warrants their exclusion.

13      On the contrary, the Court is persuaded by Plaintiff's argument that the issue of attorney fees

14  is not yet ripe.  Attorney fees in this context are not actually damages, but costs associated with

15  litigation which may or may not be recoverable, regardless of which party ultimately prevails.

16  Precluding attorney fees at this point would tie the Court's hands should it later find an award of

17  attorney fees is warranted.  The Court therefore finds that Plaintiff's failure to disclose a computation

18  of attorney fees was substantially justified.

19                              **4. Future damages**

20      As for future damages, Plaintiff again concedes that he did not provide a proper Rule 26(a)

21  disclosure of his future medical costs, but argues that the failure was harmless since Defendant had

22  prior notice of Plaintiff's claims of future medical damages.  Plaintiff informed Defendant of

23  $320,075 in future medical costs in a demand letter sent in July, 2012.  (Mot. to Reconsider Ex. 7

24  (ECF No. 44)).  Defendant's disclosures show that it was aware of this potential future medical cost

25  as early as July 17, 2012.  (Resp. Ex. 5 (ECF No. 46)).  However, as noted by Defendant, the

26  $320,075 in future medical damages refers to the estimated cost of a lumbar surgery that was later

27  performed in August, 2015, several months before this case was initiated in March, 2016.  Plaintiff's

28                                         5

demand letter did not serve as a notice of future medical damages when the case commenced, as the cost of the lumbar surgery was actually included in Plaintiff's initial disclosure of past medical costs. (Reply Ex. 2 (ECF No. 48)).  The record does not indicate that Plaintiff has ever made a proper Rule 26(a) disclosure of future medical costs.  The Court has already made a determination that Plaintiff's failure to make timely disclosures was neither substantially justified nor harmless (ECF No. 33), and the Court finds no reason to depart from that finding on the issue of future medical costs.

### 5. Past damages

Finally, Defendant moves the Court to limit Plaintiff's claim for past medical costs to those properly disclosed under Fed. R. Civ P. 26(a), which it argues are $568,639.60, as disclosed via Plaintiff's interrogatory response.  Plaintiff contends that he disclosed $574,024.60 in past medical costs in his initial disclosure.  Upon review, Plaintiff's initial disclosure does provide an itemized list of documents containing claims of medical costs totaling $574,024.60.  (Resp. Ex. 1 pp. 5-8 (ECF No.46)).  The Court finds this to be an adequate disclosure and computation of past medical damages.  Plaintiff later supplemented that disclosure, and the Court reviews that disclosure below.

### B.    Plaintiff's Motion to Strike Defendant's Second Supplementary Disclosure

Defendant argues that the Court should strike Plaintiff's second supplemental disclosure, made five days after the close of discovery.  Defendant first objects to the designation of Plaintiff's treating physicians as expert witnesses.  The Court has already issued an order on this issue (ECF No. 33) and recently reaffirmed that decision (ECF No. 56).  The parties do not present any new arguments regarding the expert designations of the treating physicians.  Therefore, consistent with its previous decisions, the Court will grant this aspect of Defendant's motion.  Plaintiff's treating physicians may not testify as experts, but may testify as to what they saw and did during the course of treatment.

Defendant also argues that the supplements to Plaintiff's treatment record and past medical damages are untimely.  Plaintiff argues that the Court should allow the additional records as supplements that were not previously available.  Supplements to Rule 26(a) disclosures may be made

1   "in a timely matter if [a] party learns that in some material respect the [original] disclosure or

2   response is incomplete or incorrect . . ." Fed. R. Civ. P. 26(e)(1)(A).  While courts have recognized

3   that the time for supplementation is not restricted to the discovery period (*Burger v. Excel*

4   *Contractors, Inc.*, WL 5781724, at \*3 (D. Nev. Oct. 25, 2013)), Rule 26(e) is not meant to create

5   opportunities for parties to revise late or incomplete disclosures to their advantage.  *Luke v. Family*

6   *Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009).  Rather, supplementation is

7   meant to provide a mechanism for "correcting inaccuracies, or filling the interstices of an incomplete

8   report based on information that was not available at the time of the initial disclosure."  *Id.* (internal

9   quotation marks omitted).

10      Here, Plaintiff argues that his second supplement was reasonably timely, as his treating

11  physicians only recently provided the additional records.  Indeed, some of the records disclosed were

12  for treatment from as late as November 15, 2016, approximately two months before the second

13  supplement.  (Resp. Ex. 5 at p. 30 (ECF No. 54)).  The Court agrees that records received so recently

14  are valid supplements under 26(e).  However, most of the treatment dates from the second

15  supplemental discovery are much older, with some dating from as far back as February, 2014, two

16  years before this case commenced.  *Id.*  As Defendant notes, the second supplement contains only

17  five (out of 23) records for treatment received within 60 days of the close of discovery.  Rep. at

18  p. 55.  Plaintiff offers no explanation for the delay in disclosing the eighteen older records, and

19  stands to reason that that diligent discovery efforts would have lead to their timely disclosure.  The

20  Court finds that Plaintiff has not shown substantial justification for late disclosure of the records

21  from the second supplement for treatment that occurred more than 60 days before the close of

22  discovery.  Further, consistent with the its previous rulings in this case, the Court finds the

23  disclosures were not harmless.

24  **III.    Conclusion**

25      IT IS THEREFORE ORDERED that Defendant's motion to preclude damages (ECF No. 42)

26  is GRANTED in part and DENIED in part.  Plaintiff may not offer evidence in support of lost wages,

27  loss of earning capacity, or future medical damages.  Defendant's motion is denied as to Plaintiff's

28                                                                 7

potential claims for attorney fees, emotional distress damages, and other general damages.

IT IS FURTHER ORDERED that Defendant's motion to strike (ECF No. 50) is GRANTED in part and DENIED in part.  The Court will strike the second supplemental disclosure's designation of the treating physicians as experts.  The Court will also strike all medical records from the second supplemental disclosure dating earlier than August 20, 2016.

DATED: March 14, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

8